---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 5:22-cv-01042-FWS-SHK | Date: September 27, 2022 |
| Title: I.H. *et al.* v. County of Orange *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO SUPERIOR COURT [15] AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [12]**

Before the court are Defendant County of Orange's ("Defendant") Motion to Dismiss, (Dkt. 12) and Plaintiffs I.H., a minor, represented by and through her guardian ad litem, Douglas A. Scott; ReeAnna Espino; and Leslie Hooker's ("Plaintiffs") Motion for Remand to Superior Court of the State of California, County of San Bernardino, (Dkt. 15). Plaintiffs filed an Opposition to Defendant's Motion to Dismiss, to which Defendants Replied (Dkts. 20-22), but Plaintiffs' Motion for Remand is unopposed, (*see generally* Dkt.)

The court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L. R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the record, as applied to the applicable law, the court **GRANTS** Plaintiffs' Motion for Remand and **DENIES AS MOOT** Defendant's Motion to Dismiss.

I.   **Relevant Background**

Plaintiffs originally brought this action against Defendants in California Superior Court, San Bernardino County. (*See* Dkt. 1 at 1.) Plaintiffs filed a First Amended Complaint on

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:22-cv-01042-FWS-SHK                                                            Date: September 27, 2022
Title: I.H. *et al.* v. County of Orange *et al.*

December 21, 2021, (Dkt. 1-1 at 8), and served it on Defendant on May 26, 2022, (Dkt. 1-1 at 33). Defendant filed a Notice of Removal of the action to this court on June 24, 2022, based on federal question jurisdiction. (Dkt. 1 at 3.)

     In broad summary, Plaintiffs allege Defendant improperly approved the placement of Plaintiff I.H. in an overcrowded apartment to which she was taken after a domestic dispute occurred between her parents. (Dkt. 1-1 at 11-15.) Plaintiffs further allege that Plaintiff I.H. was left alone on her stomach for approximately 30 minutes in that apartment, causing her to lose consciousness and subsequently suffer a severe hypoxic brain injury from which she will not recover. (Dkt. 1-1 at 15.) Based on the First Amended Complaint's allegations, Plaintiffs assert seven claims against Defendant: breach of mandatory duty under California state law ("First Claim"), (Dkt. 1-1 at 15-20); violation of ministerial duties under California state law ("Second Claim"), (Dkt. 1-1 at 21-23); nuisance under California state law ("Third Claim"), (Dkt. 1-1 at 23-25); violation of 42 U.S.C. § 1983 under the holding of *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) ("Fifth Claim"), (Dkt. 1-1 at 27-29); and violation of 42 U.S.C. § 1983 based on asserted deprivation of civil rights to familial relationship ("Sixth Claim"), (Dkt. 1-1 at 29-30). Plaintiffs bring another claim for violation of 42 U.S.C. § 1983 against only individual defendants in this case, ("Fourth Claim"), (Dkt. 1-1 at 25-27); and a claim for negligence against a single individual defendant and several Doe defendants ("Seventh Claim"), (Dkt. 1-1 at 30-31).

     Before any motions were filed, Plaintiffs and Defendant filed a stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) in which Plaintiffs voluntarily dismissed their Fourth through Sixth Claims. (*See* Dkt. 15.) Following the parties' stipulation, Defendant filed the Motion to Dismiss. (Dkt. 12.) Plaintiffs then filed the Motion to Remand. (Dkt. 15.) Plaintiffs filed an Opposition to Defendant's Motion to Dismiss, to which Defendants Replied (Dkts. 20-22.) However, Defendant did not file an Opposition to Plaintiffs' Motion to Remand. (*See generally* Dkt.)

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:22-cv-01042-FWS-SHK                                     Date: September 27, 2022
Title: I.H. *et al.* v. County of Orange *et al.*

## II.     Discussion

   A.     <u>Legal Standard for Motion to Remand for Lack of Subject Matter Jurisdiction</u>

   Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Thus, when a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally.  28 U.S.C. § 1441(a).  "The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000."  *Jackson v. Specialized Loan Servicing, LLC*, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014) (citing 28 U.S.C. §§ 1441(a), (b); *id.* §§ 1331, 1332(a)).  "The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  "[T]he removal statute is strictly construed against removal jurisdiction," and the party invoking the removal statute bears the burden of establishing federal jurisdiction.  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted), *overruled on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014).

   Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1332.  A "case can arise under federal law in two ways."  *Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022) (citing *Gunn v. Minton*, 568 U.S. 251, 257 (2013)) (internal quotation marks omitted).  First, and "most directly, a case arises under federal law when federal law creates the cause of action asserted."  *Id.* (citing *Gunn*, 241 U.S. at 257) (alteration and internal quotation marks omitted).  Second, under the "substantial federal question branch" of federal question jurisdiction, *id.* at 817, there is "a special and small category of cases in which arising under jurisdiction still lies," *id.* at 816-17 (citing *Gunn*, 241 U.S. at 258) (internal quotation marks omitted).  "Specifically, 'federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 5:22-cv-01042-FWS-SHK | Date: September 27, 2022 |
| Title: I.H. *et al.* v. County of Orange *et al.* | |

disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Id.* at 817 (quoting *Gunn*, 241 U.S. at 258).

To remove based on diversity jurisdiction, the defendant must demonstrate that: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."). The defendant's burden of proof with respect to the amount in controversy varies according to the allegations in the complaint. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant.").

    B.    <u>Application</u>

Plaintiffs argue that, because the parties stipulated to dismiss all of Plaintiffs' claims arising under federal law, the court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining claims based on state law and remand the action to California Superior Court. (*See* Dkt. 15 at 3-4.) Defendant did not file an opposition to Plaintiffs' Motion to Remand. (*See generally* Dkt.) Under this District's local rules, Defendant's non-opposition to Plaintiffs' Motion to Remand is sufficient grounds for the court to grant it. *See* L. R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to [Federal Rule of Civil Procedure 56] may not be granted solely based on the failure to file an opposition."). Regardless, the court considers its jurisdiction over the present matter.

Pursuant to the parties' stipulation under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiffs voluntarily dismissed their Fourth through Sixth Claims predicated on asserted violations of 42 U.S.C. § 1983. (*See* Dkt. 15.) Plaintiffs' remaining First, Second, Third and

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 5:22-cv-01042-FWS-SHK | Date: September 27, 2022 |
| Title: I.H. *et al.* v. County of Orange *et al.* | |

Seventh Claims are all based on California state law.  (*See generally* Dkts. 1; 15.)  Thus, federal question jurisdiction no longer lies.  *See Negrete*, 46 F.4th at 818 (9th Cir. 2022) (federal courts "lack federal question jurisdiction under the federal cause of action branch [where] federal law does not create the causes of action asserted"); *id.* at 820 (claims "fall outside the special and small category of state law causes of action arising under federal law" where complainant "do[es] not necessarily raise a federal issue in their petition and complaint") (citation and internal quotation marks omitted); *Grable & Sons Metal Prods. Inc. v. Darue En'g & Mfg.*, 545 U.S. 308, 315-16 (2005) (federal issue is "necessarily raised" where it is an "essential element" of the claims in a well-pleaded complaint).  The First Amended Complaint also does not adequately plead diversity jurisdiction: as alleged, Plaintiffs are all residents of Orange County, California; Defendant is that very county; and the individually named defendants are employees of Defendant or residents of Orange County.  (Dkt. 1-1 at 2-3.)  As such, the required diversity of citizenship between the parties is inadequately alleged.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A] natural person's state citizenship is [] determined by [their] state of domicile, not [their] state of residence."); *Moor v. Alameda Cnty.*, 411 U.S. 693, 717-18 (1973) ("[A] political subdivision of a State . . . is a citizen of the State for diversity purposes.") (citations omitted).  Accordingly, the court's basis for retaining jurisdiction over this matter is under its discretion to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

In light of Plaintiffs' unopposed request, the court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.  "When federal claims are dismissed before trial . . . pendant state claims also should be dismissed."  *Howard v. Am. Online Inc.*, 208 F.3d 741, 755 (9th Cir. 2000) (alteration in original) (citations and internal quotation marks omitted); *see also* 28 U.S.C. § 1367(c) (district courts "may decline to exercise supplemental jurisdiction over a claim" if, among other grounds, "the district court has dismissed all claims over which it has original jurisdiction").  Accordingly, the court declines to exercise supplemental jurisdiction over Plaintiffs' First, Second, Third, and Seventh Claims based on California state law.  Thus, the court concludes it lacks subject matter jurisdiction over this action and remand to California Superior Court is proper.  *See* 28 U.S.C. § 1447(c) ("If at any

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 5:22-cv-01042-FWS-SHK | Date: September 27, 2022 |
| Title: I.H. *et al.* v. County of Orange *et al.* | |

time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

    For the reasons set forth above, the court **GRANTS** Plaintiffs' Motion to Remand this action to California Superior Court, County of San Bernardino, and **DENIES AS MOOT** Defendant's pending Motion to Dismiss.

    The Clerk shall serve this minute order on the parties.

                                                Initials of Deputy Clerk:  mku

___